UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**THOMAS T. WATSON**                                                        **PETITIONER**

**v.**                                            **CIVIL ACTION NO. 3:07-CV-P715-H**

**LARRY D. CHANDLER**                                             **RESPONDENT**

### MEMORANDUM OPINION

The petitioner, Thomas T. Watson, filed this action pursuant to 28 U.S.C. § 2254, seeking a writ of habeas corpus (DN 1). On preliminary consideration under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court ordered the petitioner to show cause within 30 days why his petition should not be denied and his action dismissed as untimely. More than 30 days have passed and the petitioner has not complied with this Court's Order.

In the present case, the petitioner's conviction became final, for purposes of the Antiterrorism and Effective Death Penalty Act of 1996 statute-of-limitations period, on August 21, 2004, 30 days after the trial court entered judgment and the last date that he could have filed an appeal under Rule 12.04(3) of the Kentucky Rules of Criminal Procedure. Thus, he had until August 22, 2005,[1] to file his petition for writ of habeas corpus in this Court unless there was a time-tolling collateral attack pending in state court. 28 U.S.C. § 2244(d)(2); *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001).

According to the petitioner's petition, he did not file any collateral attacks of his state court conviction until September 9, 2005, after the applicable limitations had expired. His filing

---

[1] Because August 21, 2005, was a Sunday, the petitioner had until Monday, August 22, 2005, to file his petition. FED. R. CIV. P. 6(a).

of a Rule 11.42 post-conviction motion did not restart the one-year statute of limitations for filing his federal habeas petition. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003). The petitioner has offered no reason why his § 2254 petition should be considered timely. Consequently, for the reasons stated in this Court's prior Order (DN 3), the Court finds that the petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 must be denied as untimely under 28 U.S.C. § 2244(d).

## CERTIFICATE OF APPEALABILITY

An individual, who unsuccessfully petitions for writ of habeas corpus in a federal district court and subsequently seeks appellate review, must secure a certificate of appealability ("COA") from either "a circuit justice or judge" before the appellate court may review the appeal. 28 U.S.C. § 2253(c)(1). A COA may not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

When a district court denies such a motion on procedural grounds without addressing the merits of the petition, a COA should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

When a plain procedural bar is present and a court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the petition or that the petitioner should be allowed to proceed further. *Id.* In such a case, no appeal is warranted. *Id.* The Court is satisfied that no jurist of reason could find its procedural ruling to be

debatable. Thus, no certificate of appealability is warranted in this case.

The Court will enter an order consistent with this memorandum.

Date:

cc:     Petitioner, *pro se*
        Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals,
           1024 Capital Center Drive, Frankfort, KY 40601
4412.009